UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Elias C., | File No. 26-cv-307 (ECT/SGE) |
| Petitioner, | |
| v. | **OPINION AND ORDER** |
| Pamela Bondi, *Attorney General*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; Department of Homeland Security; Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*; Immigration and Customs Enforcement; Sirce Owen, *Acting Director for Executive Office for Immigration Review*; Executive Office for Immigration Review; Samuel Olson, *Acting Director, St. Paul Field Office Immigration and Customs Enforcement*; and Joel Brott, *Sheriff of Sherburne County*, | |
| Respondents. | |

Carrie Huxford Peltier, Peltier Law PLLC, Roseville, MN, for Petitioner Elias C.

Ana H. Voss, United States Attorney's Office, Minneapolis, MN, for Respondents Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, Sirce Owen, Executive Office for Immigration Review, and Samuel Olson.

Petitioner Elias C. is a Venezuelan citizen who has resided in the United States since August 9, 2023, when he entered without inspection. Pet. [ECF No. 1] ¶¶ 15, 35. Elias and his family "were encountered by immigration officials shortly after entry." *Id.* ¶ 36. They were "held for three days at the border and then released to a family member near

Indianapolis, Indiana." *Id.* ¶ 37. Elias "was charged in a Notice to Appear as an alien present without admission or parole under 8 U.S.C. § 1182(a)(6)(A)(i)." *Id.* ¶ 38. On December 29, 2023, Elias filed a Form I-589 Application for Asylum. *Id.* ¶ 39. On June 27, 2024, Elias "was issued an employment authorization document." *Id.* ¶ 40. "At the time of [Elias's] arrest by ICE, he had valid authorization to work and an upcoming court date set for June 2026." *Id.* ¶ 41. On December 27, 2025, "Respondents took [Elias] into custody." *Id.* ¶ 42. He is currently in custody at an ICE detention center in Elk River, Minnesota. *Id.* ¶ 16.

Here, Elias challenges his detention under 28 U.S.C. § 2241. *Id.* ¶ 8. He claims he has been wrongly classified as an 8 U.S.C. § 1225(b)(2) detainee (whose detention is mandatory) rather than an 8 U.S.C. § 1226 detainee (whose detention is discretionary and who is entitled to a bond hearing). Pet. ¶¶ 44–70; *see Jose J.O.E. v. Bondi*, 797 F. Supp. 3d 957, 961–62 (D. Minn. 2025) (explaining legal framework). According to Elias, that misclassification and denial of a bond hearing violate his right to due process under the Fifth Amendment, the Administrative Procedure Act, 8 U.S.C. §§ 1225(b)(2) and 1226(a), and § 1226's implementing regulations. *See* Pet. ¶¶ 82–101. He seeks a declaration that his detention absent a bond hearing is unlawful under the Fifth Amendment's Due Process Clause; issuance of a writ of habeas corpus ordering Respondents to set a bond hearing pursuant to 8 U.S.C. § 1226(a); an order enjoining his transfer out of the District of Minnesota during the pendency of this case; a finding that the administrative decision violates the Administrative Procedure Act; an order directing the immigration court not to follow the Board of Immigration Appeal's decision in *Matter of Yajure Hurtado*, 29 I&N

Dec. 216 (BIA Sept. 5, 2025); attorneys' fees and costs; and "all further relief this Court deems just and proper." Pet. at 27–28.

In a one-paragraph response, Respondents[1] state that Elias's petition "raises legal and factual issues similar to those in prior habeas petitions this Court has decided," and argues that the petition fails on the merits for the same reasons set forth in the appeal of *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539 (D. Minn. Oct. 21, 2025), *appeal docketed*, No. 25-3248 (8th Cir. Nov. 10, 2025). *See* ECF No. 4 at 1. This raises an issue of statutory interpretation[2] that courts in this District have repeatedly considered and rejected, and it will be rejected here as well.

Elias has shown he has been misclassified under § 1225(b)(2) rather than § 1226. As courts have explained, the former statute applies to applicants "seeking admission," and the latter to "aliens already in the country." 8 U.S.C. § 1225(b)(2)(A); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (construing 8 U.S.C. § 1226(a) and (c)); *see Francisco T. v. Bondi*, 797 F. Supp. 3d 970, 974–76 (D. Minn. 2025); *Belsai D.S. v. Bondi*, --- F. Supp. 3d ---, No. 25-cv-3682 (KMM/EMB), 2025 WL 2802947, at *6–7 (D. Minn. Oct. 1, 2025); *Eliseo A.A. v. Olson*, --- F. Supp. 3d ---, No. 25-cv-3381 (JWB/DJF), 2025

---

[1] When used in this Order, "Respondents" refers to the federal officials named as Respondents. Respondent Joel Brott, the Sherburne County Sheriff, has not appeared in these proceedings.

[2] To the extent Respondents challenge this Court's subject-matter jurisdiction to consider Elias's petition by way of their response in *Avila*, consistent with previous rulings on this issue, I find that the jurisdiction-stripping provisions of § 1252(a)(5), (b)(9), and (g) do not apply to "the narrow question whether a noncitizen is subject to discretionary detention under 8 U.S.C. § 1226 or mandatory detention under § 1225(b)(2)." *Fernando F.P.D. v. Brott*, No. 25-cv-4455 (ECT/ECW), 2025 WL 3675151, at *2 (D. Minn. Dec. 17, 2025) (citing cases).

WL 2886729, at *2–4 (D. Minn. Oct. 8, 2025); *Avila v. Bondi*, No. 25-cv-3741 (JRT/SGE), 2025 WL 2976539, at *5–7 (D. Minn. Oct. 21, 2025), *appeal filed*, No. 25-3248 (8th Cir. Nov. 10, 2025); *Andres R.E. v. Bondi*, No. 25-cv-3946 (NEB/DLM), 2025 WL 3146312, at *2–3 (D. Minn. Nov. 4, 2025); *E.M. v. Noem*, 25-cv-3975 (SRN/DTS), 2025 WL 3157839, at *4–8 (D. Minn. Nov. 12, 2025); *Santos M.C. v. Olson*, No. 25-cv-4264 (PJS/DJF), 2025 WL 3281787, at *2–3 (D. Minn. Nov. 25, 2025). As of this writing, only one federal court of appeals has ruled on the question, and it reached the same conclusion. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). Elias has lived in the United States for more than two years. His detention falls under § 1226 and not § 1225(b)(2).

For these reasons, Elias is subject to discretionary detention and entitled to a bond hearing.[3]

### ORDER

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Elias C.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **GRANTED** as follows:

1. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226.

---

[3] Elias's remaining arguments will not be addressed.

2. Respondents are **ENJOINED** from denying Petitioner a bond hearing on the basis that 8 U.S.C. § 1225(b)(2) applies to Petitioner, and Respondents shall provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a)(2)(A).

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 20, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court